JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Shaniqua Horton
1340 Engle Street
Chester, PA 19013

**DEFENDANTS**
Aspire Dynamics Management, LLC
2151 River Plaza Drive
Sacramento, CA 95833

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Sacramento
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C.A. § 2000e-2(a)

Brief description of cause:
Title VII of the Civil Rights Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 11/20/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| | : | CIVIL ACTION |
| Shaniqua Horton | : | |
| v. | : | |
| Aspire Dynamics Management, LLC, et al | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X )

| 11/20/2026 | Graham F. Baird | Plaintiff, Shaniqua Horton |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: 1340 Engle Street, Chester PA 19013

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:______________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHANIQUA HORTON<br>1340 Engle Street<br>Chester, PA 19013<br><br>Plaintiffs,<br><br>v.<br><br>ASPIRE DYNAMICS MANAGEMENT, LLC<br>2151 River Plaza Drive<br>Sacramento, CA 95833<br><br>And<br><br>THE LEAF COMPANY, LLC<br>1080 Mason Mall, Suite 6D<br>Crescent City, CA 95531<br><br>Defendants. | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

### I. Parties and Reasons for Jurisdiction.

1. Plaintiff, SHANIQUA HORTON (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, ASPIRE DYNAMICS MANAGEMENT, LLC (hereinafter "Aspire") is a business corporation organized and existing under the laws of the State of California.

3. Defendant, THE LEAF COMPANY, LLC (hereinafter "Leaf") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Both Defendants are hereinafter referred to collectively as "Defendants".

4. At all times material hereto, Defendants were acting in the capacity of Plaintiff's employer pursuant to Title VII of the Civil Rights Act, The Family and Medical Leave Act, the Pregnancy Discrimination Act and the Pennsylvania Human Relations Act ("PHRA").

5. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of dismissal and notice of rights letters issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to Title VII of the Civil Rights Act, the Family and Medical Leave Act, the Pregnancy Discrimination Act and the Pennsylvania Human Relations Act and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendants from her home located in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

10. On or about August 15, 2023, Defendants hired Plaintiff as a Human Resources Generalist.

11. Plaintiff performed her job remotely from her home in Chester, Pennsylvania as captioned above.

12. In or around January of 2025, Plaintiff discovered she was pregnant, with a due date in August of 2025.

13. In January of 2025, Plaintiff reached out to Defendants' Human Resources Director, Cassidy Sala, and informed Ms. Sala of her pregnancy.

14. Ms. Sala advised Plaintiff she would prepare the necessary FMLA certification paperwork and send it to Plaintiff.

15. Plaintiff understood from this conversation that Ms. Sala would be taking the necessary steps to inform Defendants of Plaintiff's pregnancy.

16. However, Plaintiff never received any FMLA certification documentation.

17. During this time, Defendants terminated one of Plaintiff's co-workers, who was also pregnant.

18. Following this termination, Plaintiff attended a staff-wide meeting during which Defendants stated that there would be "no other layoffs."

19. In or around May of 2025, as Plaintiff's due date was approaching and she had not heard anything further regarding the FMLA certification paperwork, Plaintiff reached out to Defendants' Head of Benefits, Robin, to reiterate her upcoming due date and to again request information regarding a leave under the FMLA as well as any available Short Term Disability leave.

20. Plaintiff then became aware that Ms. Sala had not informed Defendants of her pregnancy when she had disclosed her pregnancy to Ms. Sala several months prior.

21. Following her email discussion with Robin, Robin subsequently sent out an email including Ms. Sala, HR Assistant Lorien Waymen, and another colleague who was a part of Defendants' external benefits team, disclosing Plaintiff's pregnancy without Plaintiff's consent.

22. On May 23, 2025, approximately twenty-three (23) days following her announcement to Robin of her pregnancy as well as requesting an FMLA leave and/or any other leave offered by Defendants, Plaintiff's employment was terminated.

23. Defendants stated Plaintiff's termination was due to a "decrease in clients"; however, Plaintiff's position was in Human Resources, with one of her primary responsibilities being hiring, and Plaintiff was performing her job duties with no noticeable decreases in workload.

24. As described above, Defendants terminated Plaintiff shortly after her pregnancy was announced and her discussion with Robin disclosing her intent to take a medical leave.

25. Defendants' primary motivation for terminating Plaintiff was the fact that she was pregnant and expressed intent to take a medical leave.

26. At all times material, Defendants, by and through its employees, were hostile to Plaintiff's pregnant condition and intent to take a medical leave, and terminated her because of that animus.

27. As a direct and proximate result of Defendants' conduct in terminating Plaintiff's employment, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

## III. Causes of Action.

### COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT EMPLOYMENT DISCRIMINATION (42 U.S.C.A. § 2000e-2(a))

28. Plaintiff incorporates paragraphs 1-27 as if fully set forth at length herein.

29. Defendants took adverse action against Plaintiff by terminating her employment.

30. Plaintiff's status as a pregnant woman places her in a protected class.

31. Plaintiff's membership in a protected class was a motivating factor in Defendants' adverse actions and conduct.

32. As such, Defendants' conduct constitutes unlawful employment practices, under 42. U.S.C. § 2000e-2(a).

33. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

34. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

35. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

**COUNT II—PREGNANCY DISCRIMINATION ACT**
**(42 U.S.C.A. § 2000(e)(k) et seq)**

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth at length herein.

37. At all times material hereto, and pursuant to the Pregnancy Discrimination Act an employer may not discriminate against an employee on the basis of pregnancy, childbirth or other medical conditions.

38. At all times material hereto, Plaintiff was pregnant and subject to the aforementioned adverse actions, as described above.

39. Defendants' conduct in terminating Plaintiff constitutes a violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000(e)(k), et seq.

40. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

41. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

42. Pursuant to the Pregnancy Discrimination Act, Plaintiff demands attorneys fees and court costs.

**COUNT III – VIOLATION OF FMLA—INTERFERENCE**
**(29 U.S.C. §2601 et seq.)**

43. Plaintiff incorporates paragraphs 1-42 as if fully set forth at length herein.

44. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

45. As described above, Defendants interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

46. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

47. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

48. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

**COUNT IV - VIOLATION OF FMLA**
**RETALIATION**
**(29 U.S.C. §2601 et seq.)**

49. Plaintiff incorporates paragraphs 1-48 as if fully set forth at length herein.

50. As set forth above, Plaintiff was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

51. Defendants' motivation in terminating Plaintiff's employment was based, in part, upon her intent to take permissible FMLA leave.

52. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

53. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

54. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

**COUNT V – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. § 955)**

55. Plaintiffs incorporate paragraphs 1-54 as if fully set forth at length herein.

56. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee based on sex, pregnancy, childbirth or related medical conditions.

57. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

58. Defendants are Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

59. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her sex and pregnancy and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

60. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

61. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

62. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq Plaintiff demands attorneys fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff SHANIQUA HORTON demands judgment in her favor and against Defendants, ASPIRE DYNAMICS MANAGEMENT, LLC and THE LEAF COMPANY, LLC in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:___________________________

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiff Shaniqua Horton

Date: 11/20/202

# EXH. A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

08/25/2026

Ms. Shaniqua Horton
1340 Engle Street

Chester, PA 19013

Re: Ms. Shaniqua Horton v. The Leaf Company, LLC
EEOC Charge Number: 530-2026-00685

Dear Ms. Shaniqua Horton:

This charge is a duplicate of Charge No 530-2026-00684. The EEOC has determined that the agency will not proceed further with its investigation of your charge. EEOC makes no determination about whether further investigation would establish violations of the statute(s). The EEOC has completed the processing of your charge and is issuing to you a Determination and Notice of Rights, which will allow you to pursue your claims further by filing a private lawsuit within ninety (90) days of your receipt of EEOC's official notice of dismissal.

Sincerely,

LOUIS MARINO
Federal Investigator

CC:
Graham F Baird Esq.
1500 John F. Kennedy Blvd., Suite1240 1500 John F Kennedy Blvd
Phila, PA 19102

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/20/2026

**To:** Ms. Shaniqua Horton
1340 Engle Street
Chester, PA 19013
Charge No: 530-2026-00684

EEOC Representative and email: Legal Unit
(267) 589-9707

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-00684.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
11/20/2026

Karen McDonough
Deputy District Director

**Cc:**
Alexis James
WorkWise Law PC
23945 Calabasas Road Suite 200
Calabasas, CA 91302

Incident Location
Aspire Dynamics Management, LLC
1340 Engle Street
Chester, PA 19013

Cassidy Sala
2151 River Plaza Drive Suite 225
Sacramento, CA 95833

Graham F Baird Esq.
1500 John F. Kennedy Blvd., Suite1240 1500 John F Kennedy Blvd
Phila, PA 19102

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a “FOIA Request” for Charge Number 530-2026-00684 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a “Section 83 Request” for Charge Number 530-2026-00684 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC’s official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.